UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| SHARDA E. JOHNSON ) <br> 11429 Bradwell Road ) <br> Garfield Hts., OH 44125 ) <br> ) <br>     Plaintiff, ) <br> v. ) <br> ) <br> PROTEM HOMECARE, LLC ) <br> c/o Adaeze Nworie ) <br> 3375 Darien Lane ) <br> Twinsburg, OH 44087 ) <br> ) <br> Adaeze Nworie, individually ) <br> 3375 Darien Lane ) <br> Twinsburg, OH 44087 ) <br> ) <br>     Defendants. ) | CASE NO. <br><br> JUDGE <br><br> MAGISTRATE JUDGE <br><br><br> **PLAINTIFF'S COMPLAINT** <br> (Jury Demand Endorsed Herein) |

Now comes Plaintiff, Sharda E. Johnson (hereinafter "Ms. Johnson"), by and through counsel, and for her Complaint against Protem Homecare, LLC (hereinafter "Defendant Protem") and Adaeze Nworie (hereinafter "Defendant Nworie") states and alleges the following:

**INTRODUCTION**

1. This is an action instituted by Ms. Johnson to recover overtime wages earned by her and owed to her by her former employers, Defendants Protem and Nworie, as a result of Defendants' practices and policies of not paying Ms. Johnson, a non-exempt home health aide, overtime compensation at the rate of one and one-half times her regular rate of pay for the hours she worked over forty (40) hours each workweek, in violation of the Fair Labor Standards Act ("FLSA"), 29 U.S.C 201-219, and the Ohio Minimum Fair Wage Standards Act ("OMFWSA"), R.C. 4111.03; and for Defendants' failure to pay Ms. Johnson her wages in a timely manner as required by R.C. 4113.15.

2. On October 1, 2013, the U.S. Department of Labor issued the Home Care Final Rule[1] ("Final Rule") to extend minimum wage and overtime protections to almost 2 million home care workers. The Final Rule was challenged in federal court. On August 21, 2015, the District of Columbia Circuit Court of Appeals in *Home Care Association of America v. Weil,* 78 F.Supp. 3d 123 (D.C.Cir. 2015), issued a unanimous opinion affirming the validity of the Final Rule. This opinion upholding the Home Care Final Rule became effective on October 13, 2015, when the Court of Appeals issued its mandate. The Home Care Final Rule had an effective date of January 1, 2015.[2]

3. Under the Final Rule, companies that provide home health care services to customers are required to pay employees overtime compensation at the rate of one and one-half times their regular rate of pay for the hours they worked over 40 hours each workweek. Despite these requirements, Defendants failed to pay Ms. Johnson overtime compensation from January 1, 2015 through December 31, 2015.

## JURISDICTION AND VENUE

4. The Court has jurisdiction over Ms. Johnson's Fair Labor Standards Act ("FLSA"), claim pursuant to 29 U.S.C. 216(b).

5. The Court has supplemental jurisdiction over Ms. Johnson's OMFWSA claims pursuant to 28 U.S.C. 1367 because the claims are so related to the FLSA claims as to form part of the same case or controversy.

---

[1] Application of the Fair Labor Standards Act to Domestic Service, Fed. Reg. 60453, 60557 (Oct. 1, 2013) (amending 29 C.F.R. Part 552).
[2] http://www.dol.gov/whd/homecare/litigation.htm

6. Venue is proper pursuant to 28 U.S.C. 1391(b) because Defendants conduct business throughout Cuyahoga County, Ohio and because a substantial part of the events and omissions giving rise to the claim occurred in Cuyahoga County, Ohio.

## PARTIES

7. At all times relevant herein, Ms. Johnson was a citizen of the United States, and an adult resident of Garfield Heights, Cuyahoga County, Ohio.

8. At all times relevant herein, Ms. Johnson was a non-exempt employee within the meaning of 29 U.S.C. 203(e), R.C. 4111.03(D)(3), and R.C. 4113.15.

9. Ms. Johnson was an employee engaged in commerce or in the production of goods for commerce within the meaning of 29 U.S.C. 206-207, at all times relevant herein.

10. Defendant Protem was a domestic limited liability company, incorporated within the state of Ohio in 2004, at all times relevant herein.

11. Defendant Protem maintained its principal place of business in Shaker Heights, Cuyahoga County, Ohio, at all times relevant herein.

12. At all times relevant herein, Defendant Protem was an employer within the meaning of 29 U.S.C. 203(d), R.C. 4111.03(D)(2), and R.C. 4113.15.

13. At all times relevant herein, Defendant Protem was an enterprise within the meaning of 29 U.S.C. 203(r).

14. At all times relevant herein, Defendant Protem was an enterprise engaged in commerce or the production of goods for commerce within the meaning of 29 U.S.C. 203(s)(1).

15. At all times relevant herein, Defendant Protem was responsible for the hiring and firing of Ms. Johnson.

16. Defendant Protem was responsible for the establishment of Ms. Johnson's wage rate and payment of wages, and allowed, directed, ratified, participated in, or otherwise caused the unlawful acts described herein, at all times relevant herein.

17. Defendant Nworie was a natural person residing in Twinsburg, Cuyahoga County, Ohio, at all times relevant herein.

18. Upon information and belief, at all times relevant herein, Defendant Nworie was an owner, officer, and/or administrator of Defendant Protem.

19. Defendant Nworie was an employer within the meaning of 29 U.S.C. 203(d), R.C. 4111.03(D)(2), and R.C. 4113.15, at all times relevant herein.

20. Defendant Nworie possessed and exercised the authority to establish, implement, or alter the policies of Defendant Protem, at all times relevant herein.

21. Defendant Nworie was responsible for the hiring and firing of Ms. Johnson; determined Ms. Johnson's wage rate and payment of wages; and allowed, directed, ratified, participated in, or otherwise caused the unlawful acts described herein, at all times herein.

22. At all times relevant herein, Defendant Nworie was an enterprise within the meaning of 29 U.S.C. 203(r).

23. At all times relevant herein, Defendant Nworie was an enterprise engaged in commerce or the production of goods for commerce within the meaning of 29 U.S.C. 203(s)(1).

## FACTUAL ALLEGATIONS

24. Defendant Protem is a home health care business.

25. Upon information and belief, Defendant Nworie is the owner and administrator of Defendant Protem.

26. Defendants provide in-home nursing and other patient care services to their customers in Northeast Ohio.

27. Ms. Johnson was employed by Defendants beginning in 2009. The employment relationship ended on or about December 31, 2015.

28. At all times relevant herein, Ms. Johnson was employed by Defendants as a home health aide.

29. At all times relevant herein, Ms. Johnson was employed by Defendants as a non-exempt employee under the FLSA.

30. At all times relevant herein, Ms. Johnson's job duties included providing in-home care to Defendants' customers.

31. At all times relevant herein, Defendants paid Ms. Johnson an hourly wage of $9.00 per hour.

**(Failure to Pay Overtime Compensation)**

32. Between January 1, 2015 and December 31, 2015, Ms. Johnson worked more than 40 hours per week.

33. Defendants failed to pay Ms. Johnson overtime compensation at the rate of one and one-half times Ms. Johnson's regular hourly rate for hours worked in excess of 40 hours each workweek as required by Section 207 of the FLSA.

34. Instead of being paid overtime compensation, Ms. Johnson was only paid her regular rate or "straight time" per hour for the hours worked over 40 hours each workweek.

35. Defendants began to reduce Ms. Johnson's hours to 40 hours per week or less.

36. Ms. Johnson asked Defendant Nworie why her hours were being reduced and she was told that President Obama passed a law that home healthcare workers could not work more than eighty (80) hours per pay period.

37. As a result of Defendants' failure to comply with Section 207 of the FLSA, Defendants are liable to Ms. Johnson for overtime back pay.

38. Defendants knowingly, willfully, and/or recklessly engaged in the above-mentioned violations of the FLSA.

## COUNT ONE
### (Fair Labor Standards Act Violations)

39. Ms. Johnson incorporates by reference the foregoing allegations as if fully rewritten herein.

40. Defendants' practice and policy of not paying Ms. Johnson overtime compensation at the rate of one and one-half times Ms. Johnson's rate of pay for the hours worked in excess of 40 hours each workweek violated the FLSA, 29 U.S.C. 207.

41. By engaging in the above-described practices and policies, Defendants willfully, knowingly and/or recklessly violated the provisions of the FLSA.

42. As a result of Defendants' practices and policies, Ms. Johnson has not received wages due to her pursuant to the FLSA and has been damaged as a result.

## COUNT TWO
### (Violations of Ohio Revised Code 4111.03)

43. Ms. Johnson incorporates by reference the foregoing allegations as if fully rewritten herein.

44. Defendants' practice and policy of not paying Ms. Johnson overtime compensation at the rate of one and one-half times her regular rate of pay for the hours she worked over 40 hours each workweek violated the OMFWSA, R.C. 4111.03.

45. By failing to pay Ms. Johnson overtime compensation, Defendants willfully, knowingly and/or recklessly violated the provisions of the OMFWSA, R.C. 4111.03.

46. As a result of Defendants' practices and policies, Ms. Johnson has been damaged in that she has not received wages due to her pursuant to OMFWSA.

## COUNT THREE
### (Violations of Ohio Revised Code 4113.15)

47. Ms. Johnson incorporates by reference the foregoing allegations as if fully rewritten herein.

48. Defendants breached the requirements of R.C. 4113.15 by failing to pay Ms. Johnson all of the wages owed to her within thirty days of the regularly scheduled payday for each pay period from January 1, 2015 through December 31, 2015.

49. Defendants' violation of R.C. 4113.15 entitles Ms. Johnson to statutory damages for each violation that occurred from January 1, 2015 through December 31, 2015.

## PRAYER FOR RELIEF

**WHEREFORE,** Ms. Johnson prays that this Honorable Court:

1. Award Ms. Johnson the actual damages for unpaid wages;

2. Award Ms. Johnson liquidated damages equal in amount to the unpaid wages due to her, pursuant to the 29 U.S.C. 216(b);

3. Award Ms. Johnson damages for Defendants failure to make timely payment of her wages;

4. Award Ms. Johnson pre- and post-judgment interest at the statutory rate;

5. Award Ms. Johnson reasonable attorneys fees and costs;

6. Award Ms. Johnson further and additional relief as this Court deems just and proper.

Respectfully submitted,

/s/ Julie C. Cortes
Julie C. Cortes (0883321)
The Legal Aid Society of Cleveland
1223 West 6th Street
Cleveland, OH 44113
Phone: (216)861-5697
Facsimile: (216)861-5694
julie.cortes@lasclev.org

/s/ Dennis Dobos
Dennis Dobos (0060149)
The Legal Aid Society of Cleveland
1223 West 6th Street
Cleveland, OH 44113
Phone: (216)861-5843
Facsimile: (216)861-5858
dennis.dobos@lasclev.org

*Attorneys for Plaintiff*

## JURY DEMAND

Plaintiff demands a trial by jury on all eligible claims and issues.

/s/ Julie C. Cortes
Julie C. Cortes
Attorney for the Plaintiff